## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ABRAHAM MORELLI** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-0788** |
| **ST. TAMMANY PARISH JAIL** | **SECTION: "F"(5)** |

### REPORT AND RECOMMENDATION

Abraham Morelli initiated these proceedings in the United States District Court for the Middle District of Louisiana. (Rec. doc. 1). In April of 2021, the above-captioned 42 U.S.C. § 1983 complaint was transferred to this Court. (Rec. doc. 2). The complaint alleged that Plaintiff's housing assignment at the St. Tammany Parish Jail with a DOC inmate resulted in a physical altercation, and Plaintiff was subsequently charged with battery. Plaintiff requests injunctive relief. (Rec. doc. 1).

Upon transfer, the Clerk's Office notified Morelli that his complaint was deficient in form and that he must either pay the required filing fee or submit an application to proceed *in forma pauperis*. (Rec. doc. 6). The record indicates that the Clerk of Court mailed the deficiency notice and pauper forms to Morelli at the address he provided on his complaint and gave him until May 12, 2021 to comply. (*Id.*). He failed to respond to that deficiency notice. The mail was returned marked "refused unable to forward." (Rec. doc. 9).

On May 25, 2021, the undersigned issued an order directing Morelli to pay the filing fee or submit a completed pauper application. (Rec. doc. 7). He was ordered to respond by June 25, 2021. (*Id.*). He was also warned that if he failed to comply with the order,

the undersigned would recommend dismissal of his civil complaint. (*Id.*). To date, Morelli has failed to comply with the Court's order. The mail was returned marked "refused unable to forward." (Rec. doc. 8).

The authority of a federal court to dismiss a plaintiff's action because of failure to prosecute is clear. The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* when necessary to achieve the orderly and expeditious disposition of cases. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89 (1962); *McCullough*, 835 F.2d at 1127; *Ramsay v. Bailey*, 531 F.2d 706, 707 (5th Cir. 1976).

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Grandpre v. Normand*, Civ. Action No. 16-1541, 2018 WL 691650 (E.D. La. Feb. 2, 2018) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Morelli has ignored an express Court order to pay the required filing fee or submit a completed pauper application. Furthermore, Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to promptly notify the court of any address ... change." Although he acknowledged this obligation when he signed the complaint, Plaintiff failed to keep the Court apprised of his whereabouts. (*See* Rec. doc. 1,

p. 5, Section VI (Plaintiff's Declaration)).   Plaintiff's inaction in this regard has deprived the Court of the ability to communicate with him and, consequently, to advance his case on the docket.   Accordingly, it will be recommended that his lawsuit be dismissed for failure to prosecute and to comply with a court order.

### RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and to comply with this Court's order of May 25, 2021.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.   *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this  8th  day of _____July_____, 2021.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.